**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ROQUE HUMBERTO GARCIA-GARCIA,** | § | |
| **Petitioner,** | § | |
| | § | |
| | § | **EP-26-CV-02441-DB** |
| **v.** | § | |
| | § | |
| **DAVID VENTURELLA**, *Acting Director of U.S. Customs and Border Protection, et al.*, | § | |
| | § | |
| | § | |
| **Respondents.** | § | |

**MEMORANDUM OPINION AND ORDER**

On this day, the Court considered Petitioner Roque Humberto Garcia-Garcia's ("Petitioner") "Emergency Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241; Emergency Application for Temporary Restraining Order and Administrative Stay Prohibiting Removal to El Salvador; Request for Expedited Hearing" ("Petition"). ECF No. 1. After due consideration and for the reasons stated herein, the Court denies the Petition.

**BACKGROUND**

Petitioner is a native and citizen of El Salvador who entered the United States at an unknown date. ECF No. 1 at 3; ECF No. 16-1 at 1. On July 17, 2026, Petitioner was convicted in the United States District Court for the Central District of California as an alien in possession of ammunition in violation of 18 U.S.C. 922(g)(5)(A) on July 17, 2026. ECF No. 1 at 5; ECF No. 16-1 at 1. On August 11, 2026, Petitioner was issued a final administrative order of removal to El Salvador. *See* ECF No. 16-2.

On September 14, 2026, Petitioner filed his Petition in the United States District Court for the Central District of California. *See* ECF No. 1. Therein, Petitioner makes clear that he is not asking the Court "to invalidate his removal order or to permit him to remain permanently in

the United States" and that he "accepts removal from the United States." *Id.* at 1. Rather, Petitioner asks this Court to order "that Respondents not physically remove him to El Salvador before he has a meaningful opportunity to invoke and obtain adjudication of any protection from removal . . . under the Convention Against Torture ("CAT"), its implementing statutes and regulations, and the Due Process Clause." ECF No. 1 at 1–2. The motivating reason for Petitioner's request of a stay of removal concerns the Government's sentencing memorandum identifying Petitioner "as a member or associate of MS-13 who goes by the moniker 'El Rocket.'" ECF No. 1 at 5; ECF No. 1-3 at 6 n.1. Petitioner fears that, without regard for the characterization's veracity, such characterization will be communicated to El Salvadorian authorities and materially increase the danger he faces upon return to El Salvador. *See* ECF No. 1 at 2.

On September 23, 2026, the Honorable United States Magistrate Judge Rozella A. Oliver of the United States District Court for the Central District of California transferred Petitioner's case to the Western District of Texas. *See* ECF No. 12. On September 30, 2026, Respondents submitted their "Response in Opposition to Petitioner's Writ of Habeas Corpus" ("Response"). *See* ECF No. 16.

## LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST., Art. I, § 9, cl. 2). This includes immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The petitioner seeking habeas relief must demonstrate they are in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 285 (1941).

## ANALYSIS

Petitioner seeks a temporary restraining order ("TRO") enjoining Respondents from removing him to El Salvador so that he may present his fear-based claims to the immigration court. *See* ECF No. 1 at 10. Respondents contend that this Court is without jurisdiction to consider the Petition pursuant to 8 U.S.C. § 1252(g). *See* ECF No. 16 at 3. In light of the Fifth Circuit's recent decision in *Gakou v. Warden of Prairieland Detention Center*, this Court must agree with Respondents. No. 26-10925, 2026 WL 3044209 (5th Cir. Oct. 10, 2026) (per curiam).

8 U.S.C. § 1252(g) provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." The Supreme Court has explained that the jurisdictional bar found in Section 1252(g) is limited to those "three discrete actions that the Attorney General may take: her 'decision or action' to "*commence* proceedings, *adjudicate* cases, or *execute* removal orders." *Reno v. Am.-Arab Anti-Discrimination Comm. (AADC)*, 525 U.S. 471, 482 (1999). In *Gakou*, the Fifth Circuit held that a noncitizen's request for a stay of third-country removal constitutes a "challenge to a removal order within the ambit of § 1252(g)'s jurisdiction-stripping effect." 2026 WL 3044209, at *1 (citing *Imran v. Harper*, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026) (per curiam) (unpublished)) (internal quotation marks omitted).

Here, Petitioner's request is materially indistinguishable from the stay request at issue in *Gakou*. Petitioner seeks a stay of removal enjoining Respondents from removing him to his home country of El Salvador pending litigation of his CAT claims in immigration court. Because the Fifth Circuit has expressly held that such a request falls within the ambit of Section 1252(g), this Court finds it is without jurisdiction to entertain Petitioner's request for a stay of removal.

Further, even if the Court could reach the merits of the Petition, Petitioner would fail to show that he will suffer irreparable harm were the Court to decline to issue a stay of removal. As the Supreme Court has made clear, the irreparable harm prong for a TRO or a preliminary injunction "requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is *likely* in the absence of an injunction." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citations omitted). Here, Petitioner argues that the relevant injury "is removal to a country where Petitioner alleges he faces detention, torture, or severe mistreatment because of an official gang designation." ECF No. 1 at 9. Petitioner goes on to say that if removal occurs before his fear-based claims may be raised, "later relief may be practically ineffective." *Id.*

However, Petitioner has not demonstrated any evidence that his removal will occur before he has a chance to raise his fear-based claims in immigration court. In fact, Respondents recognize that Petitioner intends to raise fear-based claims regarding his removal to El Salvador and state that "Petitioner will be provided with appropriate procedures provided to him under the laws of the United States." ECF No. 16 at 2. Respondents further state that "[u]pon information and belief, Petitioner is currently pending a reasonable fear interview with USCIS after he expressed a fear of returning to the country of return." [1] *Id.* Petitioner's conclusory assertions, without more, are insufficient to sustain his burden. Petitioner is therefore not entitled to the relief requested.

**<u>CONCLUSION</u>**

[1] Petitioner filed a Traverse on October 14, 2026, ECF No. 17, adding that a fear interview was conducted on October 9, 2026. Petitioner asks for a "prompt, sworn clarification rather than assume the process is complete," *id.* at 1, but this is an improper request at the habeas stage, and the Court will accordingly decline to entertain such request.

For the reasons stated above, Petitioner has not established that he is entitled to habeas relief. Accordingly, **IT IS HEREBY ORDERED** Petitioner Roque Humberto Garcia-Garcia's "Emergency Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241; Emergency Application for Temporary Restraining Order and Administrative Stay Prohibiting Removal to El Salvador; Request for Expedited Hearing," ECF No. 1, is **DENIED.**

**IT IS FURTHER ORDERED** that the Petition, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE**.

**SIGNED this 15th day of October, 2026.**

**For HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**